## FIFTY ASSOCIATES *vs.* FREDERIC TUDOR.

The erection of a wall upon his own land, by the owner of land in a city, in such a manner as to obstruct the access of light and air, as it has existed uninterruptedly for twenty years, to windows in the cellar and lower story in a building ten feet within the boundary line of his neighbor, gives no cause of action, if the windows are not substantially deprived of light.

ACTION OF TORT for breaking and entering the plaintiffs' close in Boston, and throwing down a wall. The defendant justified, on the ground that the wall obstructed the light and air to certain windows, which he had used and enjoyed for

twenty years, in his building, on the close adjoining the plaintiffs'.

At the trial in the court of common pleas, before *Byington*, ⁓., the defendant introduced evidence tending to show that his building, with all said windows in it, had been standing for twenty years before the passage of the *St.* of 1852, *c.* 144, (which declares that no person shall, by the mere continuance of windows overlooking the land of another, acquire any easements of light or air;) and that the plaintiffs' wall was erected by them since the passage of that statute, and darkened the windows in the cellar and two windows in the first story of the defendant's building, which windows were about ten feet from the division line between the two closes.

The plaintiffs requested the judge to instruct the jury that " the defendant could not acquire a right of light and air through said windows by the mere use of the same for twenty years; but that there must have been some use of the same, adverse to the rights of the plaintiffs, and for which the plaintiffs had a legal remedy, or said use must have been accompanied by some claim or assertion of right;" that, "if the defendant placed said windows in the wall of his own house, situate ten feet within his side of the division line between said closes, he could not acquire a right of light and air over the plaintiffs' close through the mere use of said windows for twenty years;" that "the fact that the defendant placed said windows ten feet within his said line was an admission that he claimed no right of light and air beyond his own line;" and "that the defendant must prove that the plaintiffs had some actual knowledge of the existence of said windows."

But the judge refused to give any of these instructions, or to allow the plaintiffs to prove that they had never granted to the defendant the right claimed, and had never received any notice from the defendant that he claimed such a right; and instructed the jury that, "if the defendant owned and occupied the building for twenty years previously to the erection of the wall by the plaintiffs, and during all that time had quiet and uninterrupted possession of his lights in his building, and of the air,

over and adjoining the premises of the plaintiffs, the presump‧ tion of law is that there was a grant of a right so to enjoy such light and air to the defendant by the plaintiffs, the owners of the adjoining premises; and on proof of such facts, and that the plaintiffs deprived him thereof, it would be the duty of the jury to find in favor of the defendant;" and, "as to the plaintiffs' claim that there must be evidence of notice to them of the existence, occupation and enjoyment of the light and air, that no direct and formal notice was necessary; that, if they were satisfied that the building of the defendant was erected and the windows placed as the evidence tended to show they were, and that the adjoining premises were all the time occupied by the plaintiffs, and their tenants under them, it was *prima facie* evidence that they had notice, and upon which evidence the jury might find for the defendant." The jury returned a verdict for the defend‧ ant, and the plaintiffs alleged exceptions.

The arguments were had at March term 1854.

*E. D. Sohier*, for the plaintiffs. 1. Adverse use for twenty years uninterruptedly is necessary, to acquire any easement over the land of another. *Sargent* v. *Ballard*, 9 Pick. 251. The mere access of light and air to the windows in a wall on a man's own land is not adverse, for it does not interfere with his neighbor's use of the adjoining land; unless, perhaps, where shutters swing out over that land; which is not this case. The modern English doctrine, allowing the acquisition of this very general and indefinite servitude, by the mere continuance of windows overlooking a neighbor's land, is contrary to public policy, and to all the decisions in this country. The *St.* of 1852, *c.* 144, is merely declaratory of the law as it existed before. *Pierre* v. *Fernald*, 26 Maine, 436. *Ingraham* v. *Hutchinson*, 2 Conn. 597. *Parker* v. *Foote*, 19 Wend. 309. *Myers* v. *Gemmel*, 10 Barb. 537. The question is an open one in this commonwealth. *Atkins* v. *Chilson*, 7 Met. 403, 404.

2. The jury should have been instructed that placing the win‧ dows ten feet within the defendant's line was an admission by the defendant that he claimed no right of light or air beyond the line.

22*

3. The evidence offered to prove that the plaintiffs had never granted to the defendant the right claimed, nor had notice of any claim of such a right, should have been received, and the question submitted to the jury, whether such a grant should be presumed. 2 Saund. 175, *note. Livett* v. *Wilson,* 3 Bing. 115. *Hill* v. *Crosby,* 2 Pick. 466. *Parker* v. *Foote,* 19 Wend. 309.

*S. Bartlett & D. Thaxter,* for the defendant. 1. The peaceable and uninterrupted enjoyment of light and air for twenty years is *prima facie,* and, being unexplained, conclusive evidence of a right. *Cross* v. *Lewis,* 2 B. & C. 688, 689. *Hughes* v. *Keme,* Yelv. (Amer. ed.) 216 *a, & note.* 2 Saund. 175, *note. Sts.* 2 & 3 W. 4, *c.* 71. *Story* v. *Odin,* 12 Mass. 157. *Atkins* v. *Chilson,* 7 Met. 403. Rev. Sts. *c.* 60, §§ 27, 28, and commissioners' report. *Sts.* 1824, *c.* 52; 1852, *c.* 144. *Hazard* v. *Robinson,* 3 Mason, 272. *Mahan* v. *Brown,* 13 Wend. 263. *Banks* v. *American Tract Society,* 4 Sandf. Ch. 464, and cases cited.

2. If the defendant had enjoyed light and air over the plaintiffs' estate for a period sufficient to acquire the right, and this right had been obstructed, the fact that the windows obstructed were ten feet within the defendant's line, cannot vary the rule of law ; but the question whether there had been such enjoyment must be left to the jury. *Cross* v. *Lewis,* 2 B. & C. 688.

3. The evidence offered to prove that there had been no grant or actual claim of right, was wholly immaterial, except as the fact of a grant and claim were to be inferred from the use and enjoyment of the right.

SHAW, C. J. This case raises the question whether an owner of a city tenement, by having had windows opening towards the land of another, receiving light therefrom for twenty years, without obstruction, acquires an absolute right to the continued enjoyment of that privilege, so that, in case a coterminous proprietor erects a wall or building on his own land so as to obstruct such light, the owner of the land having such windows can enter and pull down the wall causing such obstruction. It presents this question, because, if decided in the negative, it would be conclusive against the defendant's justification.

Upon this question, we think there has been no direct judicia⹀ decision in this commonwealth.　The general rule of the com‐ mon law, before it was regulated by statute, seems to have been in favor of the affirmative of the question ; holding that unin‐ terrupted enjoyment of air laterally, through and over the land of another, and enjoyed a length of time, created an easement, which could not be disturbed, like that of a right of way, or aqueduct or drain in and over the land of another; though those are distinct in their nature, consisting in actual use and qualified right of occupation in and upon the real property of another, and where such occupation is open and visible, and manifestly adverse to the absolute right of ownership of the servient tenement.　But even this general law of England was somewhat modified in regard to the densely packed tenements of the largest city in the kingdom, by the custom of London, which to some extent controlled the general rule of the common law, in regard to that great central city.　In many of the states of the Union, the negative of the question has been judicially held ; that the enjoyment of light and air in a messuage or building, received through windows laterally, over the vacant territory or lower building of an adjoining proprietor, gives to the owner of such building no right to the continuance of such enjoyment, and imposes no servitude upon an adjoining estate. The same rule is now established, as to the acquisition of any such right, after the passage of the *St.* of 1852, *c.* 144.　Under these circumstances, we have thought it best not to express an opinion upon this question, when not necessary ; and, in looking into the circumstances of the present case, we think they are such that the verdict for the defendant must be set aside, and a new trial had.　·

We think the rule is well settled, that, in a city tenement, an easement for light and air, derived from use and enjoyment, or implied grant, can only extend to a reasonable distance, so as to give to the tenement entitled to it such amount of air and light as is reasonably necessary to the comfortable and useful occupation of the tenement for the purposes of habitation or business ; not the amount which, under some circumstances,

would be agreeable and pleasant, nor the full amount which the tenement has been accustomed to receive; but the amount reasonably necessary. The distance will be determined by a just regard to usage, to the habit and mode of building at the place, a just regard to the rights of ownership of real estate, and, generally, the circumstances of the case. In cities closely built and crowded with inhabitants, the limits must be obviously narrower than in rural districts, where, by general usage, buildings and tenements are more detached from each other. *O'Linda* v. *Lothrop*, 21 Pick. 292. The question of reasonableness is a mixed one of fact and law; and where all the facts and circumstances appear, it is a question of law, but in practice it is a question to be passed upon by the jury, under the direction of the court in matter of law.

In the present case, it appears that the defendant erected his tenement at the distance of ten feet from the dividing line between his estate and the plaintiffs'; that he opened windows into his cellar, and two into his lower story, the use of which is not stated; nor is it stated for what uses his building was occupied.

It appears that the plaintiffs erected their wall on their own side of the dividing line, and of course ten feet from the defendant's tenement. Unless some extraordinary circumstances are shown, of which there is no appearance in the present report, we think the jury should have been instructed, that a wall at such distance was no such illegal obstruction of the defendant's air and light, at the cellar windows, and windows in his lower story, as to amount to a nuisance, or warrant the defendant in entering the close of the plaintiffs and tearing down their wall.

We suppose, in many large cities, alleys and passages may be found, perhaps some in this, not exceeding ten feet wide, fronting which houses and shops are built on each side.

The court nowhere directed or authorized the jury to take the question into consideration, whether the plaintiffs placed their wall at a reasonable distance from the defendant's windows; or whether, after the erection of their wall, the defendant had sufficient light and air for the necessary purposes for which

it was occupied; but directed them to find for the defendant if the plaintiffs deprived him thereof, that is, of such light and air as they are presumed to have granted. We think this referred to that amount of light and air which he enjoyed before the wall was erected, and in legal effect held them liable for any diminution of the enjoyment of that. We think the rule was well laid down by Best, C. J., at nisi prius, in the case of *Back v. Stacey*, 2 Car. & P. 465, that to constitute an illegal obstruction of the plaintiff's ancient lights by building, it was not sufficient, that the plaintiff had less light than before; there must be such a privation of light as would render the occupation of his house uncomfortable, and prevent him, if in trade, from carrying on his business as beneficially as he had previously done. " In order," said that eminent judge, " to give a right of action, there must be a substantial privation of light."

Being of opinion that the case was left to the jury without proper direction, as to what was a reasonable distance for the plaintiffs to build from the defendant's tenement, and the degree and quantity of light and air to which defendant was entitled; and also in directing them to find for the defendant, if the wall did in any degree diminish the light and air coming to the defendant's windows, the judgment of the court is, that the verdict be set aside and a *New trial had.*